# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
|     Samir Jakupovic | ) | |
| | ) | Case 23-15263 |
|         Debtor. | ) | Chapter 7 |
| | ) | Hon. A. Benjamin Goldgar |
| _____) | | Bankruptcy Judge |
| | ) | |
| David P. Leibowitz, Trustee | ) | |
|         Plaintiff, | ) | |
| | ) | Adv. Pro _____ |
|       v. | ) | |
| | ) | |
| Lalla Dafa | ) | |
|         Defendant. | ) | |
| _____) | | |

## COMPLAINT TO AVOID FRAUDULENT TRANSFER

David P. Leibowitz, not personally, but as Trustee of the Estate of Samir Jakupovic, ("Debtor"), for his complaint against Lalla Dafa, Defendant, states as follows:

**Jurisdiction**

1.     The District Court has jurisdiction of this adversary proceeding pursuant to 28 USC § 1334 and 11 USC § 157(a).

2.     The District Court has referred all bankruptcy matters to the Bankruptcy Court pursuant to Local Rule 40.3.1.

3.     This adversary proceeding is a complaint to avoid a fraudulent transfer pursuant to 11 USC §§ 544 and 550. It is a core proceeding pursuant to 28 USC §157(b)(2)(A), (F), (H) and (O).

4.     Venue is proper in this district pursuant to 28 USC § 1409.

**Course of Proceedings**

5.      Debtor filed this case under Chapter 7 on November 13, 2023

6.      David P. Leibowitz, Plaintiff herein, was appointed interim trustee on

that date.

7.      No trustee was elected at the first meeting of creditors, at which

point David P. Leibowitz became the permanent trustee in this case.

**Background**

8.      Debtor acquired the a condominium commonly known as Unit 2112 at

757 N. Orleans Street together with an associated parking space (the "Property") in

2015 for $447,000

9.      On July 7, 2023, Debtor signed and delivered a Warranty Deed to

Lalla Dafa to the Property to which transfer stamps reflecting a purchase price of

$375,000 w attached.

10.     The Property is legally described as follows:

Parcel 1:      Unit 2112 in the 757 Orleans at Chicago Condominium, as
delineated on the following described Parcel of real estate:

Part of Lots 6, 7, 8, 9, 10, 11, 12 and 13 in Block 17 in Butler, Wright and
Webster's Addition to Chicago in Section 9, Township 39 North, Range 14,
East of the Third Principal meridian, in Cook County, Illinois. Which Plat of
Survey is attached as Exhibit "E" to the Declaration of Condominium made
by 327 Chicago, LLC and recorded in the Office of the Recorder of Deeds,
Cook County, Illinois, as document number 0829718073, together with an
undivided interest in the common elements to said units, as set forth in the
Declaration, as amended from time to time.

Parcel 2
Perpetual and exclusive easement for parking purposes in and to Parking
Space No P190, a limited common element, as set forth and defined in said
Declaration of Condominium and survey attached thereto, in Cook County,
Illinois.

Parcel 3:

Non-exclusive perpetual easements appurtenant to and for the benefit of Parcel 1 as created by the Declaration of Covenants, Conditions, Restrictions and Easements recorded October 23, 2008 as document number 0829718074 for ingress and egress in, over, on, across and through the non-condominium property for access purposes to structural supports and any facilities or utilities located in or constituting a part of the commercial property or the non-condominium property

PIN 17-09-201-018-1191 ("the Property")

11.     This deed was recorded July 27, 2023 with the Cook County Recorder of Deeds as document 2320825166.

12.     Debtor was insolvent on and after July 27, 2023.

**Debtor's Transfer to Lalla Dafa**

13.     On information and belief Debtor transferred the Property to Lalla Dafa for the sole consideration of the satisfaction of the underlying mortgage on the Property, a mortgage in favor of Wells Fargo Bank originally in the amount of $323,000 dated February 9, 2015 and recorded February 20, 2015.

14.     Moreover, Lalla Dafa is Samir Jakupovic's girlfriend and romantic interest.

15.     As such, Lalla Dafa is an insider with respect to Samir Jakupovic.

16.     The Property was worth substantially in excess of $375,000 on the date Debtor transferred it to Lalla Dafa.

17.     On information and belief, the Property was worth substantially in excess of $500,000 on the date that Debtor transferred it to Lalla Dafa

18. Redfin currently estimates the value of the Property a $575,000.

## COUNT 1 – FRAUDULENT TRANSFER 11 USC § 544
## INCORPORATING 740 ILCS 160/5(a)(1)

19. Trustee repeats and realleges paragraphs 1-18 hereinabove as though fully set forth herein.

20. The Transfer by Debtor to Defendant was made with the actual intent to hinder, delay, or defraud creditors of the Debtor.

21. By reason of the foregoing, the Transfer is avoidable by the Trustee.

22. Moreover, by virtue of 740 ILCS 160/8(a), incorporated by reference through 11 USC §544, Trustee is entitled to all of the following remedies:

(1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim – in this case $225,000;

(2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed in the [Illinois] Code of Civil Procedure;

(3) subject to applicable principles of equity and in accordance with the applicable [Illinois] rules of civil procedure,

(A) an injunction against further disposition by the

...transferee . . . of the asset transferred or other property;
      (B)      appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
      (C) any other relief the circumstances may require

23.    In addition, pursuant to 11 USC § 550, Trustee may recover from Defendant for the benefit of the Estate the Property or the value thereof for the benefit of the Estate.

Wherefore, Trustee, Plaintiff herein, prays for judgment against Defendant:

(a) Avoiding the transfer of a ½ interest in the Property to Defendant

(b) Declaring that a ½ interest in the Property is property of the Estate

(c) In the alternative, for a money judgment in the amount of 50% of the value of the Property realized by Defendant through any sale or refinancing of the Property; and

(d) For such other and further relief as may be just.

## COUNT II

### FRAUDULENT TRANSFER 11 USC § 544
### INCORPORATING 740 ILCS 160/5(a)(2)

24.    Trustee repeats and realleges paragraphs 1-18 hereinabove as though fully set forth herein.

25.    The Transfer was made by Debtor to Defendant with the Debtor having received less than a reasonably equivalent value in exchange for the Transfer.

26.    Debtor knew that at the time of the Transfer, he had incurred debts beyond his ability to pay as they came due.

Wherefore, Trustee, Plaintiff herein, prays for judgment against Defendant:

(a) Avoiding the transfer of a ½ interest in the Real Estate to Defendant

(b) Declaring that a ½ interest in the Real Estate is property of the Estate

(c) In the alternative, for a money judgment in the amount of 50% of the
value of the Real Estate realized by Defendant through any sale or
refinancing of the Real Estate; and

(d) For such other and further relief as may be just.

reserving all rights to provisional remedies outlined hereinabove.

/s/ *David P. Leibowitz*
Trustee

David P. Leibowitz
Illinois Attorney1612271
3478 N. Broadway St.
#234
Chicago, IL 60657-6968
312 662-5750
dleibowitz@lakelaw.com